SMITH et al. v. UNION IRON WORKS.

(Circuit Court, D. Minnesota, Fourth Division. November 26, 1894.)

1. PATENT—COMBINATION OF OLD DEVICES.
   Claims 1 and 3 of the patent to Frederick Armstrong. No. 445,647, dated February 3, 1891, for an improvement in the shifting device on gang edgers, *held* valid in view of the evidence, and its use by the defendant enjoined.

**2. SAME—PRIMA FACIE EVIDENCE.**
    The issuance of a patent is prima facie evidence of usefulness. novelty, and patentability, which can be overcome only by reliable and certain proof.

**3. SAME—VALID COMBINATION.**
    A combination is valid when the several elements of which it is composed produce, by their joint action, a new and useful result, or an old result in a cheaper and more advantageous way.

This was a suit by Henry H. Smith and Alvarado Richardson, copartners trading as Smith & Richardson and as the Diamond Iron Works, against the Union Iron Works, to restrain the infringement of certain letters patent.

Paul & Hawley, for complainants.

P. H. Gunckel, for defendant.

NELSON, District Judge. This is an action brought against defendant, the Union Iron Works, of Minneapolis, Minn., by complainants, for infringement of patent No. 445,647, dated February 3, 1891, granted to them as assignees of Frederick N. Armstrong. The infringement alleged is with respect to the first and third claims, which read as follows:

"(1) In a gang edger, the combination, with the movable saws, of a stationary shaft, 13, extending across the machine, the guide bar arranged below said shaft, the bars, 21, mounted upon said shaft, 13, each provided with a recess engaging said guide bar, 15, the saw guides secured to the upper ends of said bars, and engaging said saws, and the pivoted levers engaging said bars, substantially as described."

"(3) The combination, with the saws arranged to move longitudinally upon the saw arbor, of the transverse stationary shaft, 13, the guide bar, 15, arranged below said shaft, the bars, 21, mounted upon said shaft, 13, and engaging said guide bar, the saw guides mounted upon said bars, the curved projections, 27, upon said bars, and the pivoted levers, 29, engaging said projections, 27, substantially as described."

The patentee claims, by a combination of old devices, to have invented a certain new and useful improvement upon the shifting devices used in gang edgers. Defendant admits that it manufactured a gang edger with a shifting device practically the same as complainant's, and upon examination I am of opinion that the slight change in the form of the fastening of the guide bar is not a substantial difference, and that the defendant's shifting device is an infringement, if the Armstrong patent can be sustained.

Defendant contends that the patent is invalid, and that, in view of the prior state of the art, Armstrong's improvement did not constitute invention, but was the product of mere mechanical skill. The issuance of a patent is prima facie evidence of patentability, usefulness, and novelty; and this presumption can be overcome only by reliable and certain proof. It is well established that a combination is valid when the several elements of which it is composed produce, by their joint action, a new and useful result, or an old result in a cheaper and more advantageous way. I think the evidence fairly shows that a better and more advantageous result has been obtained by the complainant's device, and I do not think the patent has been proved to be void for want of novelty.

A decree for an injunction will be entered, each party to pay its own costs.